**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00601-REB

TINA L. NUTTING,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3], filed March 24, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of a host of impairments, including fibromyalgia, mitral valve prolapse, migraines, sleep apnea, shoulder and knee pain, and depression. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. Following an unfavorable decision, plaintiff appealed to the district court, which remanded the case for further consideration. A second hearing was held on May 23, 2007. At the time of this hearing, plaintiff was 47 years old. She has a masters degree in social work and

past relevant work experience as a social worker.  She has not engaged in substantial gainful activity since October 30, 2000.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other impairments were found not to be severe.  The ALJ found that plaintiff had the residual functional capacity to perform a significant range of sedentary work that did not require the performance of complex tasks.  Although these findings precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the local and national economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the

2

claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933

F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

Plaintiff presents three interrelated arguments on appeal, all premised on her contention that the ALJ failed to follow the district court's instructions on remand to properly consider all plaintiff's impairments, both severe and non-severe, in determining her residual functional capacity. The record belies this argument, and I, therefore, affirm.

At step two of the sequential evaluation process, the ALJ must determine which of the claimant's alleged impairments, if any, are "severe." 20 C.F.R. § 404.1521. An impairment is not considered severe if it is merely a "slight abnormality or a combination

4

of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Yet even if an impairment is found not to be severe under this lenient standard, it still must be considered in combination with all other impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.

20 C.F.R. § 404.1523. The district court remanded this case because "the ALJ failed to adequately demonstrate that he considered the cumulative effect of all [plaintiff's] medically determinable impairments throughout the five-step process." (Tr. 453-454.)

On remand the ALJ noted specifically that "through all steps of the current decision making process" he had "considered all alleged impairments, those found to be severe as well as those found not severe, and their cumulative effects on [plaintiff's] ability to perform work activities" (Tr. 391) and had given "careful consideration [to] the entire record" (Tr. 392). The substance of his opinion gives me no reason to doubt that he did so. *See Cox v. Apfel*, 2000 WL 1472729 at *8 (D. Kan. Feb. 24, 2000) (statement that ALJ considered the "entire record" sufficient when record provides no reason to question its validity) (citing ***Hamilton v. Secretary of Health & Human Services***, 961 F.2d 1495, 1498-99 (10th Cir. 1992)). The ALJ here very thoroughly reviewed the medical evidence and considered each of plaintiff's alleged impairments, both severe and non-severe, singly and in combination. (Tr. 393-398.) Although

5

plaintiff disagrees with the ALJ's assessment of the evidence, it is clear beyond question that he complied with the district court's remand order.

Plaintiff first argues that the ALJ erred at step two of the sequential evaluation by concluding that certain of her alleged impairments – specifically sleep apnea/insomnia, migraines, and shoulder and knee pain – were not severe.  I cannot agree.  The ALJ considered the evidence relevant to each of these alleged impairments, as well as several others.  He based his determination that these conditions were not severe on the evidence of record and properly resolved any conflicts in the evidence regarding that issue.  (Tr. 393-396.)  **See Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988); **Gleason v. Apfel**, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999).

The evidence to the contrary of the ALJ's findings consists largely of plaintiff's own subjective reports regarding her abilities and limitations.  The ALJ did not find these complaints entirely credible, and his determination in that regard also is supported by substantial evidence.  The ALJ properly tied his conclusion regarding plaintiff's credibility to the evidence, noting inconsistencies in plaintiff's testimony, her activities of daily living, her demeanor at the hearing, and a lack of substantiation in the medical record.  (Tr. 396-397.)  Such findings constitute a proper exercise of the ALJ's broad discretion as the finder of fact and present no basis for reversal.  **See generally White v. Barnhart**, 287 F.3d 903, 910 (10th Cir. 2001) (ALJ's credibility assessment entitled to substantial deference so long as it is linked to specific evidence in the record).  **See also** 20 C.F.R. § 404.1529(c)(3) (ALJ may consider factors such as claimant's daily activities and medications taken to alleviate pain); **White**, 287 F.3d at 909 (demeanor at hearing an appropriate consideration in assessing alleged limitations due to pain); **Ouellette v. Apfel**, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000) (plaintiff's

activities of daily living bear on credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations").

Similar considerations undermine plaintiff's other arguments. Plaintiff claims both the ALJ's residual functional capacity assessment and his hypothetical to the vocational expert were flawed because they failed to consider all plaintiff's impairments, both severe and non-severe.[1] At base, however, this argument is little more than a disagreement with the ALJ's finding that plaintiff's subjective reports of disabling pain, fatigue, and other limitations were not credible to the extent alleged. As discussed above, the ALJ did not transgress the bounds of his broad authority in so finding. Plaintiff's arguments, therefore, fail.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated August 11, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[1] Plaintiff argues also that the ALJ erred in accepting the opinion of the reviewing state agency physician. This argument consists of a single sentence and is otherwise completely undeveloped. I do not consider such inadequately briefed arguments. *Bevan v. Smartt*, 316 F.Supp.2d 1153, 1162 n.12 (D. Utah 2004).